| | |
|---|---|
| David A. Bricklin, WSBA 7583<br>bricklin@bnd-law.com<br>Alexander Sidles, WSBA 52832<br>sidles@bnd-law.com<br>Bricklin & Newman, LLP<br>1424 Fourth Avenue, Suite 500<br>Seattle, WA 98101<br>Telephone: (206) 264-8600<br>Attorneys for Plaintiffs | Hon. Richard A. Jones<br>Hon. Brian A Tsuchida |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| NORTH CASCADES CONSERVATION COUNCIL; and KATHY JOHNSON,<br><br>       Plaintiffs,<br><br>  v.<br><br>UNITED STATES FOREST SERVICE, et al.,<br><br>       Defendants. | NO. 2:20-cv-01321-RAJ-BAT<br><br>OPPOSITION TO MOTION TO STRIKE NONCOMPLIANT OBJECTIONS<br><br>NOTED FOR:  JULY 9, 2021 |

Plaintiffs oppose the Forest Service and timber industry's motions to strike plaintiffs' noncompliant objection. Dkt. 40; Dkt. 42; Dkt. 38. Contrary to the Forest Service's speculation (Dkt. 40 at 5), plaintiffs did not engage in a deliberate strategy of "it's easier to ask forgiveness than it is to get permission." Plaintiffs simply failed to re-read the report and recommendation's page limits (Dkt. 37, at 45) for objections after having calendared the report's deadline for objections. When drafting the objection, plaintiffs complied with the Local Rule 72 standard of twelve pages but did not return to the report. Plaintiffs are not seeking to justify this mistake as a deliberate strategy, nor would it have been a wise strategy in the first place. It was an error, nothing more or less.

OPPOSITION TO MOTION TO STRIKE NONCOMPLAINT OBJECTION - 1
NO. 2:20-CV-01321-RAJ-BAT

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax. (206) 264-9300

The Forest Service notes, accurately, that it is within the discretion of the Court to strike noncompliant filings. Dkt. 40 at 6, n. 4. We ask the Court to exercise its discretion not to strike.

In the first case the Forest Service cites, *Jenkins v. Puckett PLLC*, No. 2:19-CV-1550-BJR, 2020 WL 4517933 (W.D. Wash. Aug. 3, 2020), the stricken filing was a complaint that had not been timely served. Obviously, the failure to properly serve a complaint is an altogether weightier matter than the filing of a twelve-page objection instead of a six-page one. *Jenkins* is a poor analogy for the issues at stake here.

In the Forest Service's second case, *R.K. v. Corp. of President of Church of Jesus Christ of Latter Day Saints*, No. C04-2338RSM, 2006 WL 2506413 (W.D. Wash. Aug. 28, 2006), the issue was an overlength reply in support of a motion in limine—twelve pages instead of the allowable six, just as here. The Court allowed the overlength filing, with a warning that further overlength filings would not be allowed. Such a warning would be appropriate here.

In the third case, *Expedia, Inc. v. Reservationsystem.com, Inc.*, No. C06-1580RSM, 2007 WL 201069 (W.D. Wash. Jan. 23, 2007), the Court struck an overlength reply brief, as well as a belated attempt to file a reply brief that did comply with page limits. In that case, the party making the overlength filing offered the Court no explanation other than a footnote asking the court to accept the filing—a high-handed and disrespectful treatment of the Court that leaves the Court to guess whether the overlength brief was deliberate or inadvertent; necessary or not. Here, we do not high-handedly expect the Court accept our filing without any explanation. Our explanation is that we have made a mistake and that good cause exists for allowing a twelve-page objection. See mot. for overlength objection (Dkt. 39). We were not engaged in a deliberate strategy to ignore the Court or force the Court's hand, and there would have been no advantage to such a strategy.

OPPOSITION TO MOTION TO STRIKE NONCOMPLAINT OBJECTION - 2
NO. 2:20-CV-01321-RAJ-BAT

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

In the final case, *King Cty. v. Rasmussen*, 143 F. Supp. 2d 1225 (W.D. Wash. 2010), *aff'd* 299 F.3d 1077 (9th Cir. 2002), the overlength filings were a thirty-four page motion for summary judgment and a thirty-four page reply, plus a declaration containing further legal argument. Local Rule 7 sets limits of twenty-four pages for motions and eight pages for reply, and does not allow legal argument in declarations. Here, by contrast, although our objection is not compliant with the magistrate judge's report, it is compliant with Local Rule 72. Unlike the *Rasmussen* litigant, we did not fail to consult any authority, although we did consult the wrong authority. In upholding *Rasmussen*, the Ninth Circuit noted that striking the overlength pages in the *Rasmussen* filings would not preclude consideration of any issues, because the issues had all been argued in the compliant portions of the filings. Here, by contrast, our objection raises two issues: roads and woodpecker populations. If the overlength portion is stricken, we will lose all of our argument on the woodpecker issue.

In the interest of fairness, we would support a twelve-page limit for the Forest Service and industry's responses to our objection (which would give the respondents, in aggregate, double our page limit, an advantage they have enjoyed throughout this case), as well as an extra week to file such responses to account for the delay occasioned by the respondents' motion to strike.

Dated this 6th day of June, 2021.

        Respectfully submitted,

        BRICKLIN & NEWMAN, LLP

        */s/ David A. Bricklin, WSBA No. 7583*
        */s/ Alexander Sidles, WSBA No. 52832*
        1424 Fourth Avenue, Suite 500
        Seattle, WA 98101
        Telephone: 206-264-8600
        E-mail: bricklin@bnd-law.com, sidles@bnd-law.com
        *Attorneys for Plaintiffs*

OPPOSITION TO MOTION TO STRIKE NONCOMPLAINT OBJECTION - 3
NO. 2:20-CV-01321-RAJ-BAT

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300