UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTH CASCADES CONSERVATION COUNCIL, et al.,<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>UNITED STATES FOREST SERVICE, et al.,<br><br>　　　　　　Defendants. | CASE NO. 2:20-cv-01321-DGE<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 37) AND GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT |

　　　　Plaintiffs identify two objections to the Report and Recommendation (Dkt. No. 37) issued by the Honorable Brian A. Tsuchida, United States Magistrate Judge, granting summary judgment in favor of Defendant.  First, Plaintiffs take issue with the application of the "no net increase" rule contained in the 1994 Northwest Forest Plan by (1) asserting Defendant United States Forest Service is unable to identify the number of roads (current and how many will be constructed) for the Project; and (2) objecting to the non-inclusion of temporary roads in determining whether the Project will result in a net road increase.  (Dkt. No. 38 at 2-8.)  Second, Plaintiffs assert the Project would fail to meet the objective of retaining cavity nester

(woodpecker) habitat at 40% of potential population as required by the 1990 Forest Plan.  (*Id*. at 8-12.)

### A.  Court Agrees With Road Analysis Contained In Report and Recommendation

Judge Tsuchida's Report and Recommendation analyzed the data and explanations contained in Defendant's Final Decision Notice, the Finding of No Significant Impact and the Final Environmental Assessment to conclude the Project will not result in a net increase of roads upon the Project's completion.  Such analysis does not appear flawed.

In addition, because Defendant is entitled to substantial deference in the interpretation and implementation of its own forest plan, the Court agrees temporary roads are not included when applying the "no net increase" rule.  *Native Ecosystems Council v. Weldon*, 697 F.3d 1043, 1056) ("the Forest Service's interpretation and implementation of its own forest plan is entitled to substantial deference"); s*ee also All. for the Wild Rockies v. U.S. Forest Serv.*, 2008 WL 8985475, at *11 (D. Mont. July 30, 2008), *aff'd*, 351 F. App'x 167 (9th Cir. 2009) ("Plaintiff's assertion that 'no net increase' prevents the Forest Service from implementing projects that increase total motorized route density at any time during project implementation is wrong. 'Net' means 'free from all charges or deductions.'") (citing Merriam-Webster Dictionary, at 350 (1998)).

In short, the Court hereby agrees with and otherwise ADOPTS Judge Tsuchida's analysis as to the application of the "no net increase" rule to the Project.

### B.  Defendant's Interpretation and Application of the 1990 Forest Plan Objective Is Not Unreasonable

The 1990 Forest Plan requires the Defendant to "provide sufficient numbers and sizes of live and dead trees throughout the Forest to maintain primary cavity excavators at the 40% population level[.]"  (Administrative Record ("AR") at 2693).  In addition, the 1990 Forest Plan

ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 37) AND GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT - 2

identifies as a guideline the retention of "standing dead and standing green trees sufficient to maintain cavity nester habitat at or above 40% of minimum potential population levels, throughout the managed forest[.]" (AR at 2691). A guideline, however, is not a mandatory requirement. (AR 756.)

The principal point of contention is whether "throughout the Forest"[1] means the forest as a whole (i.e., the "landscape" as used by Judge Tsuchida) or whether it includes the Project area independent of the whole forest. (Dkt. No. 38 at 11.) Defendant interprets "throughout the Forest" to mean the forest as a whole and the Final Environmental Assessment discusses the basis for concluding the 1990 Forest Plan objective is met when considering the forest as a whole. (AR at 19259.) The Court concludes "throughout the Forest" can reasonably be interpreted to mean the forest as a whole and the Court will defer to Defendant's reasonable interpretation of this phrase. *See Ecology Ctr. v. Castaneda*, 574 F.3d 652, 661 (9th Cir. 2009) ("Assuming the Forest plan leaves some ambiguity . . . , we defer to the Forest Service's reasonable interpretation of the Forest Plan's requirements.").

Plaintiffs also assert the conclusion that the Project will "maintain snag numbers at and above the 40 percent population level and meet the 30 percent to 50 percent tolerance level of snag densities for west-side cavity associated species as per the DecAID review" is "not supported by any data or analysis." (Dkt. No. 38 at 10.) However, the Court understands these statements are based on DecAID[2] as these conclusions note they are "per the DecAID review."

---

[1] Plaintiffs assert "throughout the managed forest" language contained in the guideline is the controlling language even though the guideline is not a requirement. (AR 756.)

[2] DecAID is:

> 'the decayed wood advisor for managing snags, partially dead trees and down wood for biodiversity in forests of Washington and Oregon' (Mellen et al. 2012). DecAID is a computer-based summary of current knowledge and available data on snags and dead wood in the Pacific Northwest ecosystems that than help managers

ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 37) AND GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT - 3

1  DecAID is the same modeling tool Plaintiffs cite with approval.  (*Id*.) ("Thus, the Forest Service
2  was correct to use DecAID and its 'tolerance' level concept to assess woodpecker populations.")
3  Moreover, as pointed out by Defendant, "the basis for the [above] conclusions are fully
4  explicated in the [Final Environmental Assessment] and upon information in the record."  (Dkt.
5  No. 49 at 7; *see also* AR at 19257–19259.)  However, rather than being presented in both
6  narrative and table format, the information is presented only via narrative.  (*Id*.)  This does not
7  mean the conclusions are unsupported.

8      Accordingly, the Court concludes Plaintiffs' objection is unsupported.  The Court,
9  therefore, ADOPTS Judge Tsuchida's analysis and conclusions as to the Project meeting the
10 objective of retaining cavity nester habitat.

11     **C.  Order.**
12     Having Reviewed the Report and Recommendation issued by the Honorable Brian A.
13 Tsuchida, United States Magistrate Judge, the record before the Court, Plaintiffs' objections and
14 Defendant's responses, the Court finds and ORDERS:
15     (1) The Court ADOPTS the Report and Recommendation (Dkt. No. 37).
16     (2) The Revised Motion for Summary Judgment of Plaintiffs North Cascades
17         Conservation Council and Kathy Johnson (Dkt. No. 32) is DENIED and summary
18         judgment is GRANTED in favor of the United States Forest Service.

---

22  evaluate effects of forest conditions, both existing conditions and conditions resulting from proposed management activities on organisms that use snags and down wood.
24  (AR at 19255.)

(3) The motions related to filing and striking overlength briefs are hereby MOOT (Dkt. Nos. 39 and 40).[3]

(4) The Clerk is directed to send copies of this Order to the parties and to Judge Tsuchida.

Dated this 7th day of April, 2022.

David G. Estudillo
United States District Judge

---

[3] Plaintiffs are cautioned to comply in the future with a Magistrate Judge's order identifying page limitations. The failure to comply can result in an order striking those pages filed over the imposed page limitation.